IN THE UTAH COURT OF APPEALS

----ooOoo----

| Masooda Syed, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120312-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Department of Workforce Services, | ) | (September 20, 2012) |
| | ) | |
| Respondent. | ) | 2012 UT App 266 |

-----

Original Proceeding in this Court

Attorneys:    Masooda Syed, San Diego, California, Petitioner Pro Se
             Suzan Pixton, Salt Lake City, for Respondent Department of Workforce
             Services

-----

Before Judges McHugh, Thorne, and Roth.

¶1      Masooda Syed petitions for review of the decision of the Workforce Appeals
Board (the Board) affirming the denial of unemployment benefits based upon Syed's
discharge for just cause. This matter is before the court on a sua sponte motion for
summary disposition. We decline to disturb the Board's decision.

¶2      Syed does not dispute the Board's conclusion that theft of money from a
donation box located inside the business constitutes just cause to support termination.
Instead, Syed argues that the Board erred in finding that she had stolen money out of
the donation box. Syed asserts that she was "set up" to make it look like she had stolen
the money because her supervisor did not like her and because she was due a
substantial amount of severance pay since her position was about to be eliminated due
to a reduction in force.

¶3     This court will reverse an administrative agency's findings of fact "only if the findings are not supported by substantial evidence." *Drake v. Industrial Comm'n*, 939 P.2d 177, 181 (Utah 1997). "Substantial evidence is that quantum and quality of relevant evidence that is adequate to convince a reasonable mind to support a conclusion." *Smith v. Workforce Appeals Bd.*, 2011 UT App 68, ¶ 9, 252 P.3d 372. Furthermore, appellate courts will not reassess an agency's credibility determinations or reweigh the evidence in a proceeding where conflicting evidence is presented. *See Questar Pipeline v. Utah Tax Comm'n*, 850 P.2d 1175, 1178 (Utah 1993). Rather, it is the agency's prerogative to assign weight to conflicting witness testimony. *See id.*

¶4     In its decision, the Board deferred to the Administrative Law Judge's (ALJ) credibility determination. The ALJ heard testimony from both Syed's supervisor, who placed the marked bills in the collection box, and Syed's manager, to whom Syed confessed that she had stolen the money. The ALJ also heard Syed's testimony that she had not stolen the money. After hearing all of the testimony, the ALJ found that the company's witnesses were more credible than Syed. Furthermore, the Board found that Syed provided no evidence to support her accusations that she had been "set up." Therefore, there is substantial evidence in the record to support the finding that Syed took the money from the donation box.

¶5     Accordingly, we decline to disturb the Board's decision.


_____
Carolyn B. McHugh,
Presiding Judge


_____
William A. Thorne Jr., Judge


_____
Stephen L. Roth, Judge